# IN THE COURT OF APPEALS OF IOWA

No. 15-1356
Filed May 11, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JUAN OSCAR CANTU,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Marlita A. Greve,

Judge.

        Juan Oscar Cantu challenges the sufficiency of the evidence giving rise to

three drug-related convictions. **AFFIRMED.**

        Lauren M. Phelps, Davenport, for appellant.

        Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant

Attorney General, for appellee.

        Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

Juan Oscar Cantu was arrested during the Davenport Police Department's investigation of a suspected drug distribution ring in late 2014, which involved controlled buys of cocaine, surveillance, and a search of Cantu's motel room that led to the discovery of over 221 grams of powder cocaine and items associated with the sale of narcotics. Cantu was ultimately convicted of possession of a controlled substance, conspiracy to possess cocaine with intent to deliver, and a drug tax stamp violation. In this appeal, Cantu challenges the sufficiency of the evidence supporting those convictions.

We review sufficiency-of-the-evidence claims for corrections of errors at law. *See State v. Edouard*, 854 N.W.2d 421, 431 (Iowa 2014). We affirm if the convictions are supported by substantial evidence, which is evidence that can convince a rational jury that the defendant is guilty beyond a reasonable doubt. *See id.* at 437. In determining whether substantial evidence supports the verdict, we consider all of the evidence in the record and all reasonable inferences that may be drawn from it in the light most favorable to the State, keeping in mind that the jury is free to reject certain evidence and credit other evidence. *See id.*

**I. Possession of a Controlled Substance.**

Cantu argues there was insufficient evidence to support his possession-of-a-controlled-substance conviction because the State failed to prove he constructively possessed cocaine. In order to establish constructive possession, the State must show the defendant "has knowledge of the presence of the controlled substance and has the authority or right to maintain control of it." *State v. Reed*, 875 N.W.2d 693, 705 (Iowa 2016). Because Cantu's motel room

was also occupied by Cantu's wife and their friend, Joey Trevino, the presence of cocaine in the room alone will not establish possession. *See id.* We instead consider the unique facts before us in determining if Cantu constructively possessed the cocaine, along with the following nonexclusive list of factors:

> (1) incriminating statements made by a person; (2) incriminating actions of the person upon the police's discovery of a controlled substance among or near the person's personal belongings; (3) the person's fingerprints on the packages containing the controlled substance; and (4) any other circumstances linking the person to the controlled substance.

*Id.* at 705-06.

Substantial evidence supported the finding that Cantu constructively possessed cocaine. The motel room was rented in Cantu's name. Eight ounces of cocaine was discovered in the drawer of the nightstand located between the two motel beds. While this alone is insufficient proof of constructive possession, other circumstances link Cantu to the cocaine. The cocaine was packaged for distribution in clear plastic bags, and matching plastic bags were found in Cantu's suitcase. Additionally, a digital scale located in Cantu's tattoo case had visible residue on it, which tested positive for cocaine. Because constructive possession was established, there was sufficient evidence to convict Cantu of possession of a controlled substance.

**II. Conspiracy to Possess Cocaine with Intent to Deliver.**

Cantu claims there was insufficient evidence to support his conviction for conspiracy to possess cocaine with intent to deliver. The jury was instructed that in order to find Cantu guilty of this charge, the State was required to prove beyond a reasonable doubt the following:

1. On or about the 16th day of December 2014 in Scott County, Iowa, the defendant agreed with Maria Cantu, Rachel Gonzales, and/ or Joey Trevino that one or more of them would deliver powder cocaine or attempt to deliver powder cocaine;

2. The defendant entered into such an agreement with the intent to deliver powder cocaine;

3. The defendant or Maria Cantu, Rachel Gonzales, and/ or Joey Trevino committed an overt act to accomplish the delivery of powder cocaine; and

4. Maria Cantu, Rachel Gonzales, and/ or Joey Trevino was not a law enforcement agent or assisting law enforcement when the conspiracy began.

Cantu challenges the sufficiency of the evidence to show he agreed to deliver or attempt to deliver cocaine.

Because there is rarely direct evidence of an agreement to form a conspiracy, circumstantial evidence and the inferences drawn therefrom are sufficient to support a conviction on a conspiracy charge. *See State v. Kern*, 831 N.W.2d 149, 159 (Iowa 2013). To be sufficient to convict, the evidence must create more than a suspicion. *See id.* Because mere presence or general association creates no more than speculation of criminal complicity, *see id.*, Cantu argues there was insufficient evidence he entered into an agreement to deliver cocaine.

The evidence showed that Cantu and his wife made a number of short trips to Davenport from Dallas, Texas. Powder cocaine usually arrives in Iowa from several states, one of them being Texas. Cantu's wife had approximately $11,000 in cash in her purse, which included money used in the controlled drug buy. Possession of large amounts of cash is associated with drug distribution. Items associated with the sale of narcotics were also discovered in the motel room. The large amount of cocaine found in the room was packaged for sale.

Given the amount of cocaine, the way it was packaged, the presence of other materials associated with drug distribution, the large amount of cash, and the pattern of travel involved in this case, a law enforcement officer testified there was "no doubt" in his mind that the cocaine found in the motel room "was possessed for the purpose of distribution."

Cantu argues that even if this evidence proves he knew his wife and friend were involved in a drug-distribution operation, the evidence was insufficient to establish he was involved in a conspiracy to possess cocaine for delivery. However, the State presented evidence of more than Cantu's mere knowledge that others were dealing drugs. In particular, items used in the sale of narcotics, like the plastic bags and digital scale, were found inside two of Cantu's possessions. The scale contained cocaine residue, showing it had been used as part of the operation. Although Trevino testified at trial that the cocaine belonged to him and that he placed the scale in Cantu's tattoo case, his testimony was not credible. Additionally, a man matching Cantu's description was present during the controlled purchase of cocaine. Substantial evidence supported the finding Cantu entered into an agreement to conspire to possess cocaine with the intent to deliver. Accordingly, we affirm his conviction for conspiracy to possess cocaine with the intent to deliver.

**III. Drug Tax Stamp Violation.**

In his final claim, Cantu alleges there was insufficient evidence he failed to affix a tax stamp. His argument is premised on his speculation the jury found him guilty only of possessing trace amounts of cocaine residue discovered on the electronic scale that was in his tattoo case. Because the State was required to

prove he was in possession of seven or more grams of a taxable substance in order to prove his guilt, Cantu alleges there was insufficient evidence to support such a finding.

Here, over 221 grams of cocaine were located in the motel room Cantu shared with his wife and Trevino.  No drug tax stamp was affixed to the cocaine. On these facts, there was sufficient evidence to support Cantu's conviction.

For these reasons, we affirm Cantu's convictions for possession of a controlled substance, conspiracy to possess cocaine with intent to deliver, and failure to affix a drug tax stamp.

**AFFIRMED.**